HENRY & RICHARD FENNER, Executors, v. EDWIN F. MANCHES-TER & others, Heirs at law of ISRAEL G. MANCHESTER.

Heirs at law, in whose hands the real assets of their ancestor are pursued for his debts, may set up the bar of the statute of limitations; nor is it any answer to a plea of the statute, in such case, that the creditor was one of the administrators of the estate of the ancestor, which was represented insolvent; since the creditor might have presented his claim to the commissioners for examination and allowance.

ASSUMPSIT against the defendants, as the heirs at law of the late Israel G. Manchester, of Providence, to recover out of the real assets inherited by them from him, the amount of a promissory note, given by said Israel, in his lifetime, to Welcome Fenner, the testator of the plaintiffs. The note declared on was for three hundred and fifty dollars, payable on demand, with interest, and was dated the sixth day of November, 1847. The writ was served by attaching the real estate inherited by the defendants from said Israel G. and was dated the sixth day of March, 1859.

The defendants pleaded the statute of limitations in both forms, and the general issue. The plaintiffs joined in the general issue, and to the pleas of the statute replied, in substance, that before the expiration of six years next after the accruing of their cause of action, to wit: on the 3d day of February,

1852, the said Israel died, and before the expiration of said six years, the testator of the plaintiffs, together with one of the defendants, was duly appointed and qualified to administer his estate, and continued to be such administrator from the 9th day of March, 1852, until his decease, on the 8th day of November, 1854 ; and that at the time of the death of their said testator, the estate of said Israel was not fully administered, but remained open for further adminstration and settlement.

To this replication the defendants, in substance, rejoined, that said Welcome Fenner, with his co-administrator upon the estate of said Israel, soon after their appointment, represented the same to be insolvent; that commissioners were appointed and qualified to receive and examine the claims against it, six months being allowed for that purpose ; that due notice was given by said commissioners to bring in their claims against the estate of said Israel on or before the 23d day of September, 1852; but that neither the said Welcome Fenner, in his lifetime, nor the plaintiffs, his executors after his death, ever presented their said claim for allowance.

To this rejoinder the plaintiffs demurred, severally.

*Currey*, for the plaintiffs.

I. Replication, that plaintiffs' testator was administrator of the estate of defendants' ancestor, is a sufficient answer to the plea of the statute of limitations.

An administrator cannot sue himself, nor his co-administrator ; — therefore, the statute is no bar.   2 Wms. Ex'rs, 810 ; Same, 902; *Steinham* v. *Saunders*, 14 S. & R. 357 ; *Chapman* v. *Turner*, 11 Viner's Abr. 72.

II. Where the characters of administrator and creditor unite in the same person, the rights of such person as creditor are not affected by the statute of limitations.   Because,

1. There is, in such case, no person to plead the statute.

2. There is no person *for* or *against* whom the statute can run.

3. There is no person to bring suit.   *Vainden* v. *Bell*, 3 Rand. 448 ; *Knight* v. *Godbolt*, 7 Ala. 304 ; *Chapman* v. *Turner*, 11 Viner's Ab. 72.

III. Defendants' rejoinder does not answer the plaintiffs' replication.   Because,

1st. It does not show or allege a retainer by plaintiffs' testator of effects of the administration estate to pay this debt.

2d. It does not show or allege, that the disability of being administrator was removed, so that suit could have been commenced before the debt was barred by the statute.

3d. It does not traverse the allegation, that the administration estate was unsettled at the death of the plaintiffs' testator.

IV. As the plaintiffs' testator, had he lived to settle up the estate, would have had a right to retain assets sufficient to pay this note, the remedy of his executors against the same estate for the same debt must be clear. 2 Wms. Executors, 901; *Vainden* v. *Bell*, 3 Rand. 448.

B. N. *Lapham*, for the defendants.

The act entitled, " An act for the distribution of insolvent estates," (Dig. 1844, p. 255,) provides for the presentment of all claims against an insolvent estate of a deceased person to the commissioners thereon, and the act in amendment, (Supplement to Dig. of 1844, p. 711,) gives an appeal in such cases. The testator, or his representatives, could have presented his claim for allowance to the commissioners, which would have been equivalent to the commencement of an action. His appointment as administrator of the defendants' intestate, is not equivalent to a new promise by the latter, nor will it renew the claim against his estate. Angell on Lim. sects. 265–267; 1 Greenleaf's Evid. sect. 176, and cases cited, and see Richmond, Adm'r, Petitioner, 2 Pick. 567.

Statutes of limitation exist quite as much for the benefit of estates of deceased persons, as for living persons, *Pratt, et al.* v. *Northam, et al.* 5 Mason, 95; *Atwood* v. *Rhode Island Agricultural Bank*, 2 R. I. Rep. 196; and chapter 161, of the Revised Statutes, making the estates of decedents liable for their debts in the hands of heirs, does not take the actions against such out of the statute of limitations. Richmond, Adm'r, petitioner, 2 Pick. 567; *Mooers* v. *White*, 6 Johns. Ch. Rep. 360; 2 Alabama, 660.

BOSWORTH, J. The replication seeks to avoid the plea of the statute of limitations, by setting up a disability of the plaintiffs' testator to sue or prosecute his demand, after the time when he

took administration on the estate of Israel G. Manchester.   He could not sue himself.   Six years had not expired from the date of the note, or, from the time when the note was payable, to the time when Welcome Fenner became the legal representative of the debtor.   But although the administrator might not bring a suit for his claim, the statute authorizes him to present and prosecute his claim before the commissioners ; and to avoid the difficulty of prosecuting his claim, which would be presented in the ordinary courts of common law, provision is made, that if any creditor entitled to distribution of the assets of an insolvent estate is dissatisfied with the allowance of a claim by the commissioners, presented by the administrator in his own behalf, he may appeal from such allowance, and litigate the same in the supreme court.   The administrator can assert his claim in this mode, and is under no disability, in the case of an insolvent estate.   He may assert his claim in the same manner as other creditors.   There being no disability, we do not see why the positive provisions of the statute of limitations should not be operative, and applicable to this case as or to any other, and, therefore, the demurrer must be overruled.